## SERRENE v. DENNIS SHEEN TRANSFER, INC.

---

(October 17, 1927. Opinion and Decree.)
(February 16, 1928. Decree Supreme Court Writ Denied.)

---

(*Syllabus by the Court*)

1. Louisiana Digest—Negligence—Par. 1, 9, 14.
A driver of a cotton float is guilty of negligence in unloading his float "any-way so you get it off" and when a cotton checker with his back to the float is injured by a bale of cotton thrown from the float by this method of unloading, the driver's employer will be held liable in damages.
(See Foster & Glassell vs. Knight Brothers, 4 La. App. 307.)

Appeal from the Civil District Court. Hon. Wm. H. Byrnes, Jr., Judge.

Action by Lawrence L. Serrene against Dennis Sheen Transfer, Inc.

There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

Gordon Boswell, of New Orleans, attorney for plaintiff, appelee.

Lemle, Moreno & Lemle, of New Orleans, attorneys for defendant, appellant.

WESTERFIELD, J.  This is a suit for damages, for personal injuries, in which plaintiff claims to have been injured, by being struck on the back, by a cotton bale, which, it is alleged, defendant's employee negligently unloaded from a cotton float.

Defendant, admitting plaintiff to have been injured by the cotton bale, denies all allegations of negligence.

No plea of contributory negligence has been filed by defendant, consequently plaintiff's negligence, vel non, is not to be considered.

But, as counsel correctly insists, the fact of plaintiff's injury without fault on his part, by a cotton bale being unloaded by defendant, does not involve defendant's responsibility.  Franklin vs. Henderson Iron Works and Supply Co., 141 La. 726, 75 South. 661.

The only question to be determined is whether defendant's servants were guilty of negligence in unloading the truck.

Plaintiff at the time of the accident was employed on the public wharves as a cotton checker, and it was his duty to check cotton transported to the wharves by defendant's trucks, as well as other cotton similarly conveyed.

It is alleged that defendant was negligent in that the cotton bale which struck defendant was "improperly loaded and carelessly placed or loaded upon the said truck, or that, and while petitioner was standing alongside the truck, as aforedescribed, another employee of the defendant went upon the said truck, without petitioner's knowledge, and, without any notice or warning, moved or dislodged the said bale, or both."

There is considerable conflict in the testimony. Plaintiff and his witnesses insist that the accident was caused by a bale thrown from the truck striking him in the back. Defendant's witnesses claim that the vibration incident to the starting of the truck's motor caused the bale, which was on end, to fall over, striking plaintiff, or, as at least one witness declared, the bale which struck plaintiff was leaning against the side of the truck and fell over when it moved. The undisputed facts are that two of defendant's trucks were on the wharf unloading when a third truck arrived. In order to make room for the third truck one of the others was moved a little. Whether this movement caused the cotton bale to fall against plaintiff or whether he was struck by other bales thrown from the truck is in doubt.

However, we are convinced that the float was improperly unloaded. If the offending bale was thrown from the truck, as claimed by plaintiff, care should have been taken to prevent injury to persons who, like plaintiff, were properly in the vicinity in the discharge of their duty. The driver of the truck testified that it was his custom to unload the cotton "anyway so you get it off" and that on this particular occasion he was in a hurry to get home and that "there was so much (cotton) around us we had to get it off the best way we could; didn't have much room, it was the last load".

It was the driver's duty to see that in throwing the cotton from the truck it would not injure bystanders. Foster & Glassell vs. Knight Bros., 4 La. App. 307.

If the bale was leaning against the side of the truck when the truck was moved, the driver should have caused the bale to be moved before starting the truck, particularly as it was in close proximity to plaintiff. At least a warning should have been given. Counsel insists that no warning was necessary because plaintiff knew or should have known of the danger in standing so close to the truck. We must differ with him. In the first place, contributory negligence is not pleaded and secondly he can not be expected to anticipate the movement of the truck and assuming the bale which struck him was leaning against the side of the truck, he is not shown to have knowledge of that fact, and finally, he had his back to the truck when it was moved.

The trial judge found for plaintiff in the sum of fifteen hundred dollars, which so far as the amount is concerned does not appear to be in dispute.

For the reasons assigned the judgment appealed from is affirmed.